FILED
United States Court of Appeals
Tenth Circuit

April 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSEPH G. MARKHAM,

     Defendant - Appellant.

No. 10-3126
(D.C. No. 2:09-CR-20109-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH,** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

Joseph G. Markham pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to 70 months' imprisonment and 3 years' supervised release. On appeal, he argues that the district court abused its discretion in refusing to

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). 10th Cir. R. 32.1(A).

grant a downward variance from the applicable Sentencing Guidelines range because of Mr. Markham's bipolar disorder. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## BACKGROUND

On September 1, 2009, Mr. Markham drove to a commercial customer window at a bank. Using t-shirts and dark glasses to mask his face, he handed the bank teller a note that demanded cash and threatened that a bomb would be detonated in the bank and a nearby school. The teller passed cash to Mr. Markham. Several other tellers activated silent alarms to alert police of the ongoing robbery.

Mr. Markham drove away, and bank officials provided the police with a description of Mr. Markham's vehicle. A police officer observed the vehicle and attempted to initiate a traffic stop. A car chase ensued involving multiple traffic violations. Mr. Markham eventually pulled into a parking lot and was taken into custody. He admitted his crime to authorities.

Mr. Markham pleaded guilty to bank robbery, a violation of 18 U.S.C. § 2113(a), without benefit of a plea agreement. At his sentencing hearing, Mr. Markham presented expert evidence that he suffers from bipolar disorder and argued that his reduced mental capacity should be taken into account in imposing the sentence. After hearing the expert testimony and defense counsel's arguments as to why Mr. Markham's bipolar disorder should qualify him for a downward variance under the applicable factors outlined in 18 U.S.C. § 3553(a), the district court determined a variance was not appropriate. The

2

district court judge stated:

> I'm satisfied from the expert testimony that the defendant had bipolar disorder at the time of this offense. I'm not particularly persuaded that it was a cause effect relationship between this offense or that the bipolar disorder contributed substantially to the commission of the offense. . . .
> So I'm considering the evidence, but I'm rejecting it as a basis for a variance. . . .
> . . . I'm also required to look at a lot of other factors under Section 3553(a) of the sentencing guidelines. When I look at the overall record in this case, though, I don't see any reason why the sentencing guidelines should not be applied.

Tr. of Sentencing Hr'g at 72-74, R. Vol. 2 at 75-77. The district court determined the appropriate range under the Sentencing Guidelines as between 70 and 87 months and sentenced Mr. Markham to 70 months' imprisonment and 3 years' supervised release.

## DISCUSSION

Mr. Markham has presented one issue on appeal: whether his 70-month sentence is substantively unreasonable given the effects of his bipolar disorder.[1] "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Huckins,* 529 F.3d 1312, 1317 (10th Cir. 2008) (quotations omitted). "[W]e review the reasonableness of sentencing decisions . . . under a deferential abuse-of-

---

[1]Mr. Markham does not challenge procedural reasonableness, nor do we find any procedural error. "Review for procedural reasonableness focuses on whether the district court committed any error in calculating or explaining the sentence." *United States v. Friedman,* 554 F.3d 1301, 1307 (10th Cir. 2009). The district court properly calculated the Sentencing Guidelines range for Mr. Markham's crime, did not treat the Guidelines as mandatory or rely on clearly erroneous facts, considered the 18 U.S.C. § 3553(a) factors, and adequately explained the sentence. *See Gall v. United States,* 552 U.S. 38, 51 (2007).

discretion standard." *Id.* (quotations omitted). Where, as in this case, the challenged sentence is within the properly calculated Guidelines range, we presume the sentence is reasonable. *See United States v. Kristi,* 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). "The fact that the appellate court might reasonably have concluded that a different sentence would be appropriate is insufficient to justify reversal of the district court." *Gall v. United States,* 552 U.S. 38, 51 (2007).

We accord this deference to the district court's sentencing decisions because the district judge "is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Id.* (quotations omitted). Therefore, if "the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *U.S. v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).

Mr. Markham chose multiple factors from 18 U.S.C. § 3553(a) to argue that, in light of his mental illness, the district court failed to "be guided by the 'parsimony principle'—that the sentence be 'sufficient, but not greater than necessary, to comply with the purposes of criminal punishment as expressed in §3553(a)(2).'" *United States v. Martinez-Barragan,* 545 F.3d 894, 904 (10th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). But the district court judge was "not particularly persuaded" that a connection existed between Mr. Markham's illness and crime. Tr. of Sentencing Hr'g at 72, R. Vol. 2 at 75.

4

By virtue of the district judge's finding of no causal connection, we cannot conclude that he abused his discretion in finding no basis under the § 3553(a) factors to reduce the sentence.

Although we agree with Mr. Markham that the record could support a downward variance based on mental illness, we cannot find that the district court's contrary decision was "arbitrary, capricious, or manifestly unreasonable." *Sells*, 541 F.3d at 1239. The district court judge heard the expert testimony and was in a better position than this court to make judgments regarding credibility and the relative weight of the evidence. Nothing in the record renders his conclusion regarding a lack of causal connection between the crime and mental illness manifestly unreasonable. Thus it was reasonable for the district court judge to weigh the relevant factors of 18 U.S.C. § 3553(a) and determine Mr. Markham was not entitled to the downward variance.

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

5